Lynch v Citibank, N.A. (2025 NY Slip Op 05804)

Lynch v Citibank, N.A.

2025 NY Slip Op 05804

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-11884
 (Index No. 724509/22)

[*1]Raymond C. Lynch, appellant, 
v
Citibank, N.A., respondent.

Raymond C. Lynch, Jamaica, NY, appellant pro se.
Akerman LLP, New York, NY (Jordan M. Smith and James Ng of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence and recklessness, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered August 23, 2023. The order, insofar as appealed from, granted that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint and denied the plaintiff's motion, in effect, for leave to enter a default judgment.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2016, Citibank, N.A. (hereinafter Citibank) commenced an action against, among others, Raymond C. Lynch, individually and as executor of his mother's estate, to foreclose a mortgage executed by his mother (hereinafter the underlying foreclosure action). In October 2019, the Supreme Court entered a judgment of foreclosure and sale in the underlying foreclosure action. In January 2021, Lynch sold the property to a nonparty and used a portion of the proceeds of the sale to pay Citibank's loan servicer in satisfaction of the mortgage loan. In March 2021, the court vacated the judgment of foreclosure and sale and granted Citibank's motion pursuant to CPLR 3217 for leave to discontinue the underlying foreclosure action and to discharge the notice of pendency.
In November 2022, Lynch commenced this action against Citibank seeking damages in the amount of $3.5 million and alleging, inter alia, that Citibank had been "negligent and reckless and failed to act timely" in the underlying foreclosure action. Lynch thereafter moved, in effect, for leave to enter a default judgment. Citibank opposed Lynch's motion and cross-moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint. By order entered August 23, 2023, the Supreme Court, inter alia, granted that branch of Citibank's cross-motion and denied Lynch's motion. Lynch appeals.
In his brief on appeal, Lynch has failed to articulate any basis to disturb the order appealed from. Accordingly, we affirm the order insofar as appealed from (see Pryce v Nationstar Mtge., LLC, 224 AD3d 857, 859; Cruz v 451 Lexington Realty, LLC, 218 AD3d 733, 737).
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court